IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENE, | No. C05-03248 MJJ |
| Plaintiff, | **ORDER GRANTING JUDICIAL NOTICE AND DENYING DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE** |
| v. | |
| ROBERT HALF INTERNATIONAL INC. *et al.*, | |
| Defendant. | |

Pending before the Court is Defendants Robert Half International Inc., Robert Half Inc., and Robert Half of California, Inc.'s (collectively RHI) Motion to Strike and/or Dismiss Portions of the First Amended Complaint. (Doc. #21.) Plaintiff Lizette Greene has filed an Opposition (Doc. #27), and Defendants have filed a Reply. (Doc. #28.) Defendants have also filed a Request for Judicial Notice Pursuant to Federal Rule of Evidence 201. (Doc. #22.)

**I. BACKGROUND**

On August 8, 2005, Plaintiff filed an action against Defendants alleging RHI failed to compensate its non-exempt inside sales employees for hours worked in excess of 40 hours a week and eight hours a day, in violation of both federal and state law. Specifically, Plaintiff brings a collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff also brings two supplemental state-based claims: (1) a class action pursuant Federal Rule of Civil Procedure 23(a), (b)(2) and alternatively, (b)(3), under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (2) a class action pursuant Federal Rule of Civil

1  Procedure 23(a), (b)(2) and alternatively, (b)(3), under the Private Attorneys General Act (PAGA). On
2  December 1, 2005, Plaintiff amended the Complaint, due to cases currently pending in Los Angeles
3  Superior Court, to seek only civil penalties under PAGA. (Doc. #15.)

4  In their Motion to Dismiss, Defendants focus on two separate aspects of the First Amended
5  Complaint. First, Defendants contend that the state UCL claim is derivative of the federal FLSA claim,
6  and as a matter of law, is therefore preempted because: (1) of an irreconcilable conflict between the
7  procedural requirements of the UCL and FLSA; and (2) the UCL state claim stands as an obstacle to
8  FLSA's purposes and objectives. Second, Defendants argue Plaintiff's class allegations require
9  adjudication on the merits to determine class membership, and ask the Court to strike the class
10 definitions with leave to amend.

11 For the foregoing reasons, the Court GRANTS the Request for Judicial Notice, DENIES
12 Defendants' Motion to Strike or Dismiss Plaintiff's UCL claim, and DENIES Defendants' Motion to
13 Strike or Dismiss Plaintiff's class allegations.

14 **II. DISCUSSION**

15 **A. Request for Judicial Notice Pursuant Federal Rules of Evidence 201**

16 Defendants request that the Court take judicial notice of two complaints filed against Defendants
17 in other jurisdictions. Plaintiff has not filed an Opposition to Defendants' Request for Judicial Notice.

18 Federal Rule of Evidence 201 allows a court to take judicial notice of a fact "not subject to
19 reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources
20 whose accuracy cannot reasonably be questioned." Under Federal Rule of Evidence 201, judicially
21 noticed facts often consist of matters of public records, such as prior court proceedings. *See, e.g., Emrich*
22 *v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988); *Rothman v. Gregor,* 220 F.3d 81, 92 (2d
23 Cir. 2000) (taking judicial notice of a filed complaint as a public record); *Del Puerto Water District v.*
24 *U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1232 (E.D. Cal. 2003) (taking judicial notice of
25 matters of public record including pleadings, orders, and other papers).

26 Here, Defendants request the Court take judicial notice of the following two complaints pending
27 in other courts: (1) a class action filed in Los Angeles Superior Court on September, 10, 2004; (2) a class
28 action filed in United States District Court for the District of Massachusetts on December 29, 2004.

(Doc. #22 Ex. A & Ex. B.) Defendants contend these records are relevant to the present action because the claims in the present case are the same as those asserted in the other actions, increasing the risk of conflicting judgments, and waste judicial resources. Accordingly, the Court takes judicial notice of the requested documents.

### B. Motion to Strike and/or Dismiss Portions of the First Amended Complaint

#### 1. Legal Standard - Motion to Dismiss 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

#### 2. Legal Standard - Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from the pleadings any insufficient defense, or any matter that is redundant, immaterial, impertinent or scandalous. However, motions to strike under Federal Rule 12(f) "are viewed with disfavor and are infrequently granted." *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977); *see also* 2 James 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.37[1] (3d ed. 2000) ("Courts disfavor the motion to strike, because it 'proposes a drastic remedy.' "). Furthermore, courts regard motions to strike with disfavor because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice. *Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000);

*Colaprico v. Sun Microsystems, Inc.*, 922 F.Supp. 1335, 1339 (N.D. Cal. 1991).

### 3. Analysis of Defendants' Challenges

#### a) Preemption

Defendants first move to strike or dismiss Plaintiff's UCL representative allegations. Defendants contend that under the doctrine of conflict preemption Plaintiff's state UCL claim, based on a violation of the federal FLSA, is preempted by federal law. Plaintiffs, however, argue that a violation of FLSA can be predicate unlawful act or practice to support a UCL claim without preempting the UCL claim.

Article VI of the Constitution provides that the laws of the United States "shall be the supreme Law of the Land; . . . any Thing in the Constitution or laws of any state to the Contrary nothwithstanding." In analyzing preemption, the Ninth Circuit considers three preemption categories as defined by the Supreme Court: (1) express preemption – where Congress explicitly defines the extent its enactments preempt state law; (2) field preemption – where Congress attempts to regulate an area exclusively; and (3) conflict preemption – where compliance with both federal and state law is impossible or where state law stands as an obstacle to the fulfillment of Congress's purpose and objectives. *Williamson v. General Dynamics Corp.,* 208 F.3d 1144, 1149 (9th Cir. 2000). The Ninth Circuit has also recognized "Congressional intent to preempt state law must be clear and manifest." *Id.* at 1150 (citing *Industrial Truck Ass'n, Inc. v. Henry,* 125 F.3d 1305, 1309 (9th Cir. 1997)).

Defendants in this case do not argue express or field preemption. In fact, the Ninth Circuit previously decided that the FLSA's saving clause evidences Congress's intention not to preempt the field. *Williamson,* 208 F.3d at 1151. The FLSA savings clause provides in part that nothing "shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week established under this chapter." 29 U.S.C. § 218(a). Rather, Defendants argue both types of conflict preemption as defined by the Supreme Court: (1) where compliance with both federal and state law is impossible, and (2) where state law stands as an obstacle to the fulfillment of Congress's purpose and objectives. The Court will therefore focus its attention of these arguments.

#### i. Impossibility to comply with both state and federal requirements

First Defendants argue compliance with both federal FLSA and state UCL statutes is an

4

1  impossibility. Specifically, Defendants contend Congress has mandated that all collective actions under
2  FLSA must be *opt-in* procedures, while class actions under UCL, which are governed by California
3  Code of Civil Procedure § 382, modeled after Rule 23 of the Federal Rules of Civil Procedure, allow
4  only for *opt-out* class actions. Thus, Defendants argue compliance with both the state and federal
5  procedures "is a physical impossibility," and the federal statute thus preempts the state law.

> The FLSA and UCL have contrary, irreconcilable procedural requirements for group actions. The FLSA mandates that such actions be pursued on an opt-in basis, while the UCL requires that such actions be pursued on an opt-out basis. The unavoidable result of this conflict is that the state law must give way to the federal, meaning that an employee may not vindicate rights created by the FLSA through a UCL collective action.

(Doc. #21 at 4:18-22.)

However, in her opposition, Plaintiff contends that not only can a UCL claim be based on a violation of FLSA, but that opt-in procedures are not irreconcilable with state law opt-out procedures.[1] In support, Plaintiff cites several district court cases representing that these two procedures may be maintained in the same case. Defendants failed to cite a single case that holds FLSA conflicts with or preempts state law on these grounds. In their motion, Defendants cite cases that stand for the general proposition that FLSA representative claims must be opt-in and UCL claims must be opt-out, and how these procedures are mutually exclusive. However, none of these cases hold that these two procedures cannot be maintained in the same case. Furthermore, Plaintiff does not seek to certify a FLSA opt-out class or a UCL opt-in class, rather Plaintiff seeks to represent a FLSA opt-in class according to FLSA procedures and a state opt-out class in accordance to Federal Rule 23.

For instance, in *Kelley v. SBC, Inc.,* 5 Wage & Hour Cas. 2d (BNA) 16 (N.D. Cal. 1998) the plaintiff brought overtime violation claims under both FLSA and California's UCL. The defendant opposed the action on the grounds that Federal Rule 23 certification of pendant state claims is inappropriate in an action that also includes a claim under FLSA. The court found "the risk of creating two separate classes on the State and federal causes of action neither requires nor justifies the dismissal of Plaintiffs' State law claim," and held the opt-in provision of FLSA was not a bar to class certification

---

[1] Plaintiff contends the real issue pertaining to these conflicting procedural requirements remains manageability of proceedings.

United States District Court
For the Northern District of California

of pendant state law claims under Rule 23. *Id.* at 39. The *Kelley* Court continued:

> To hold otherwise would create two parallel proceedings in State and federal court, concerning virtually identical issues. If for some reason the Court's holding leads to the creation of two dissimilar classes, or if the maintenance of two classes frustrates efficient case management, the Court can consider decertification at that time.

*Id.* at 39-40.

Other district courts have reached the same conclusion as *Kelley*. *See, e.g. Beltran-Benitez v. Sea Safari, Ltd.,* 180 F.Supp.2d 772 (E.D.N.C. 2001)(FLSA opt-in class action provision did not warrant court's refusal to exercise supplemental jurisdiction over state law claims to which Rule 23 opt-out provision applied); *DeAsencio v. Tyson Foods, Inc.,* 8 Wage & Hour Cas.2d (BNA) 190 (E.D. Pa. 2002)(rejecting employer's arguments that Rule 23 opt-out procedures were inconsistent or irreconcilable with FLSA's section 216(b) opt-in procedures)(reversed on other grounds); *see also Scott v. Aetna Servs.,* 210 F.R.D. 261 (D. Conn. 2002)(court granted plaintiff's motion to certify Federal Rule 23 class in same case as FLSA-based opt-in class); *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81 (S.D.N.Y. 2001)(court may exercise supplement jurisdiction over opt-out state wage claim in same case as FLSA opt-in collective action); *O'Brien v. Encotech Construction Services, Inc.,* 203 F.R.D. 346 (N.D. Ill. 2001)(court maintained Rule 23 class action in same case as FLSA opt-in collective action); *Ladegaard v. Hard Rock Concrete Cutters, Inc.,* 2000 U.S. Dist. LEXIS 17832, at *27 (D. Ill. Nov. 30, 2000)(court held class action superior method of adjudicating state wage claims although potential class members had to opt-in for FLSA claim). Furthermore, in *Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477, at *9 (E.D. Cal. Oct. 3, 2005), the district court, in evaluating whether FLSA preempted a UCL claim, found the "impossibility of compliance with both state and federal standards does not apply," and focused solely on the second type of conflict preemption. *Id.* at 10.

The Court agrees with the district courts in these cases that federal FLSA claims based on opt-in procedures are not irreconcilable with pendant state claims based on Federal Rule 23 opt-out procedures; therefore, the two causes of action may be maintained in the same case. Additionally, the Court agrees with the district courts' reasoning that by allowing parallel proceedings in state and federal court on actions involving the same case or controversy, great potential exists for confusion of the issues, unnecessary costs, inefficiency and inconsistency of proceedings and results.

6

### ii. State law stands as an obstacle to the fulfillment of Congress's purpose and objectives.

In their Reply Defendants also argue that the UCL claim is preempted because it stands as an obstacle to the purposes and objectives of Section 216(b) of the FLSA. According to Defendants, by allowing a UCL claim to be based on a violation of FLSA, the plaintiff circumvents the thoughtful and balanced protection put in place by Congress. Specifically, Defendants contend:

> [T]he purported nationwide UCL class is not primarily an attempt to enforce California's wage and hour laws against California employers for the benefit of California employees, which is what is contemplated by the savings clause of the FLSA. Rather the UCL/FLSA class is an express attempt to undercut the procedural requirements and intent of Section 216(b) by premising a purported nationwide UCL action on the FLSA federal law. The UCL itself contains no substantive wage and hour provisions.

(Doc. #28 at 1:18-24.)

In contrast, Plaintiff maintains a violation of FLSA can be a predicate unlawful act or practice to support a UCL claim, without preempting the UCL claim. In particular, Plaintiff contends that "nothing in the UCL prohibits a civil litigant from using the FLSA violation as the predicate unlawful act merely because a claim brought directly under the FLSA would proceed according to an opt-in procedure." (Doc. #27 at 7:12-14.) Moreover, Plaintiff asserts that FLSA's savings clause expressly allows a plaintiff to seek enforcement of overtime requirements under state law as well as federal law.

Although the Ninth Circuit has not ruled directly on this point, other district courts have analyzed the relationship between FLSA and FLSA-based UCL claims, and found the opt-in procedure as prescribed by FLSA does not act as a barrier to UCL claims based on violations of FLSA, despite the different procedural requirements. *see Tomlinson v. Indymac Bank*, 359 F. Supp. 2d 898 (C.D. Cal. Feb. 18, 2005); *Barnett v. Wash. Mut. Bank, FA,* 2004 WL 2011462, (N.D. Cal. Sept. 9, 2004); *Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005); *Bahramipour v. Citigroup Global Markets, Inc.*, 2006 WL 449132 (N.D. Cal. Feb. 22, 2006). Reviewing these decisions, the Court finds the reasoning, with respect to whether state UCL claims stand as an obstacle to federal FLSA claims, persuasive.

As a starting point, the Court looks to California's Unfair Competition Law ("UCL"), California Business & Professional Code §§ 17200. This section allows plaintiffs to bring actions based on business practices that are (1) unlawful, (2) unfair, or (3) fraudulent that result in unfair competition.

*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 515, 128 Cal. Rptr. 2d 463 (Cal. Ct. App. 2002). Under this statutory scheme, violations of any federal law, state law or local law can serve as the underlying unlawful act. *Id.* Moreover, these "borrowed" violations become independently actionable as unfair competitive practices under the UCL. *Id.* (quoting *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383, 6 Cal. Rptr. 2d 487, 826 P.2d 730 (1992)).

Nevertheless, Defendants argue that the wrong alleged in the UCL claim "consists solely of a violation of federal law." (Doc. #21 at 1:21.) Defendants claim that Congress amended FLSA through the Portal-to-Portal Act of 1947 in response to a flood of suits often concerning uninvolved employees. *Id.* at 4, 5. Defendants advance:

> Congress' aim in adding the "opt-in" language to § 216(b) was to "prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit. *Id. [Cameron-Grant v. Maxim Healthcare Services, Inc.,* 347 F.3d 1240, 1248] Or put another way, "[t]he 'consent in writing requirement sought to eradicate the problem of totally uninvolved employees gaining recovery as a result of some third party's action in filing suit." *Id.* Thus, the Act "prohibit[s] what precisely is advanced under Rule 23 – a representative plaintiff filing an action that potentially may generate liability in favor of uninvolved class members. *Id.*

(Doc. # 21 at 5:10-16.)

However, in *Tomlinson* where employees alleged overtime violations pursuant to both FLSA and UCL, the district court held Congress did not create an absolute barrier to relief precluding the state law claim based on opt-out procedures. *See Tomlinson v. Indymac Bank*, 359 F. Supp. 2d 898, 900 (C.D. Cal. Feb. 18, 2005). In that case, although the court focused on whether plaintiffs used the FLSA-based UCL claim to circumvent a statutory barrier to relief and not the issue of preemption, the court found Congress's concerns when amending FLSA "simply are not present in a UCL action, where plaintiffs are limited to restitution." *Id.* at 900. Moreover, the *Tomlinson* court concluded that the opt-in requirement was merely a procedural hurdle, and a UCL claim "is not precluded simply because it is procedurally barred by the underlying statute." *Id.* In support, the *Tomlinson* court cited a California Supreme Court case, *Cortez v. Purolator Air Filtration Prods. Co.,* 999 P. 2d 706 (Cal. 2000), that allowed a UCL claim despite the fact that the statute of limitations had expired on the underlying statute which supplied the predicate violation. *Id.* The *Tomlinson* court noted that the UCL makes violations

8

of other laws independently actionable, and in essence creates a second cause of action not dependent on the procedures of the underlying statute. *Id.*

Moreover, *Barnett* is also instructive. *see Barnett v. Washington Mutual Bank, FA,* 2004 WL 2011462, (N.D. Cal. Sept. 9, 2004). As in the last case, the defendants in *Barnett* argued that the plaintiff's overtime violations based on federal FLSA claims preempted the state UCL overtime violations, to the extent the UCL claims were based on violations of FLSA. In particular, the defendants noted that the claims under section 17200 allowed for a longer statute of limitations and called for opt-out procedures in direct contrast to FLSA's opt-in procedures. *Id.* at *4. The *Barnett* court found Congress' adoption of FLSA's statute of limitations and opt-in procedure did not preclude a California UCL claim with a longer statute of limitations and opt-out procedure "in light of the savings clause and the absence of a clear indication from Congress to the contrary." *Id.* at *6. The *Barnett* court cited *Williamson v. Gen. Dynamics Corp.,* 208 F.3d. 1144, 1152 (9th Cir. 2000), a Ninth Circuit decision, wherein the Ninth Circuit reversed a district court's finding that FLSA was the exclusive remedy for claims duplicated by or equivalent of rights covered by FLSA. *Id.* at *6. Moreover, the *Barnett* Court found that rather than protect employers who fail to pay overtime, the "Supreme Court and the Ninth Circuit have consistently found that the central purpose of the FLSA is to enact minimum wage and maximum hour provisions designed to protect employees," *Id.* (citing *Williamson* at 1154.)

Similarly, in *Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005), plaintiffs sought to certify two classes, one under FLSA, and another under California's UCL, for alleged overtime violations. Defendants argued the UCL claims, based on opt-out procedures, were preempted by the Portal-to-Portal Act as a means of enforcement of FLSA violations. *Id.* at *8. The *Aguayo* court found that conflict preemption did not apply because "FLSA was designed to give specific minimum protections to individuals workers." *Id.* at *10 (citing *Williamson* at 1150). The *Aguayo* court reasoned that, if the protection of workers from substandard wages and oppressive working hours remained FLSA's goals, more favorable remedies such as a longer statute of limitations and a potentially easier class certification process should not poise a real threat to the accomplishment of that goal. *Id.* at *10.

More recently on February 22, 2006, in *Bahramipour v. Citigroup Global Markets, Inc.*, 2006

9

1 WL 449132 (N.D. Cal. Feb. 22, 2006), the Northern District analyzed the issue of preemption and found
2 a longer statute of limitations and opt-out procedure did not bar the plaintiff's UCL claim based on a
3 violation of FLSA. Although the plaintiff in *Bahramipour* brought a state UCL claim based on a FLSA
4 violation, without an independent FLSA claim, the Court's reasoning is nonetheless applicable. Similar
5 to the other district court decisions, the *Bahramipour* court relied on the Ninth Circuit's decision in
6 *Williamson,* noting that the purpose of FLSA to protect employees "despite the [Portal-to-Portal Act]
7 amendments, . . . the central purpose of the FLSA is to enact minimum wage and maximum hour
8 provisions designed to protect employees." *Id.* at 7 (citing *Williamson,* 208 F. 3d at 1052).

9 These cases also are consistent with applicable Ninth Circuit authority that has examined the
10 scope of California's overtime laws in reference to FLSA. In *Pacific Merchant Shipping Ass'n v. Aubry,*
11 918 F.2d 1409 (9th Cir. 1990), the defendants argued that because Congress expressly excluded seamen
12 from FLSA's overtime requirements, Congress intended seamen to be excluded from California's
13 overtime requirements as well. The Ninth Circuit disagreed, and described states as possessing "broad
14 authority under their police powers to regulate the employment relationship to protect resident workers."
15 *Id.* at 1415. The Ninth Circuit held "in light of the plain language of FLSA savings clause and in the
16 absence of a clear indication from Congress to the contrary, [the FLSA exemption] does not preclude
17 enforcement of California's overtime provisions to protect California-resident seamen in this case." *Id.*
18 at 1419.

19 Nevertheless, Defendants in their Supplemental Brief suggest that none of the cases referenced
20 above "squarely" address their argument and that "one of Congress's primary goals in passing the
21 Portal-to-Portal Act was to outlaw FLSA opt-out class actions and to require personal involvement in
22 FLSA class actions." (Doc. #32 at 1:5, 6.) Defendants cite *Rodriguez v. The Texan, Inc. 2001,* U.S. Dist.
23 LEXIS 24652, *3 (N.D. Ill. Mar. 7, 2001), as supporting their argument. However, the *Rodriguez* court,
24 while questioning the policy behind FLSA's opt-in procedure in light of similar state statutes with opt-
25 out requirements, also expressed concern on the issue of supplemental jurisdiction. As this court noted
26 earlier, several district courts have found opt-in and opt-out causes of action, although mutually
27 exclusive procedures, may be maintained in one case. Furthermore, the *Rodriguez* Court admitted that
28 "this Court's brief research has not uncovered any precedential discussion or ruling on the

10

appropriateness or inappropriateness of federal class action treatment of such state law claims in this circumstance," and referenced *Ladegaard v. Hard Rock Concrete Cutters, Inc.,* 2000 U.S. Dist. LEXIS 17832, at *27 (D. Ill. Nov. 30, 2000), that granted class certification for such claims. *Id.* at 1. Ultimately, the *Rodriguez* Court did not find the pendant state claims brought under two separate Illinois statutes were preempted, but merely put the plaintiffs, "on notice that they have an uphill burden in their effort to convert Rodriguez's individual claim into one of broader scope." *Id.* at 2.

Defendants also cite two district court cases that dismissed common law claims deemed to be preempted by FLSA: *Tombrello v. USX Corp.,* 763 F. Supp. 541 (N.D. Ala. 1991); *Nettles v. Techplan Corp.,* 704 F. Supp. 95 (S.D.S.C. 1988). However, these cases do not squarely address Defendant's issue in this case. In *Tombrello,* the plaintiff brought a wage claim under FLSA and three pendant state claims based on a collective bargaining agreement. Besides citing cases for the proposition that collective bargaining agreements are preempted by federal labor law, the *Tombrello* court found FLSA "the exclusive remedy for enforcing rights created under the FLSA." *Id.* at 545. In support of this proposition, the *Tombrello* court cited *Nettles* and a Northern District case, *Lerwill v. Inflight Motion Pictures, Inc.,* 343 F. Supp. 1027, 1029 (N.D. Cal. 1972). As the district court in *Barnett* stated, "*Lerwill* does not persuade the court that plaintiffs' claim is preempted." *Barnett,* 2004 WL 2011462 at *5. The *Barnett* court distinguished *Lerwill* because: (1) it was not a preemption case that engaged in a preemption analysis and, (2) the issue was whether to incorporate FLSA provisions into a private contract. *Id.* Moreover, the Ninth Circuit has noted that *Lerwill* is "weak precedent" for asserting equivalent state law claims are preempted by FLSA. *Id.* (citing: *Williamson,* 208 F.3d at 1153). Also, as noted earlier, the Ninth Circuit in *Williamson* reversed a district court's finding that FLSA was the exclusive remedy for claims duplicated by or equivalent of rights covered by FLSA. *Id.* at *6.

Here, Plaintiff seeks to bring a cause of action under a California statute that expressly allows violations of federal law to act as the predicate unlawful act and remain independently actionable under the statute. The Ninth Circuit, in addition, has recognized "Congressional intent to preempt state law must be clear and manifest." *Williamson* at 1150 (citing *Industrial Truck Ass'n, Inc. v. Henry,* 125 F.3d 1305, 1309 (9th Cir. 1997)). The Court finds the reasoning in *Tomlinson, Barnett, Aguayo,* and *Bahramipour* sound and consistent with the Ninth Circuit's decision in *Williamson* analyzing

11

preemption. The Court holds that California's UCL is not preempted by FLSA.

### b) Class allegations improperly require adjudication on the merits to determine class membership.

In their Motion, Defendants also request the Court strike Plaintiff's class allegations with leave to amend because Defendants argue Plaintiff's proposed class improperly requires an adjudication on the merits to determine class membership. Specifically, Defendants argue the Court cannot discern class members based on Plaintiff's FLSA, UCL, and PAGA class descriptions that include current and former RHI "salaried non-exempt inside sales employees" who "have not been compensated at least at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week." Defendants claim this description lacks clarity as to what alleged class members did for a job, what their duties were, or even their formal job titles. In support, Defendants cite *Oshana v. Coca-Cola Bottling Co.,* 225 F.R.D. 575 (N.D. Ill. 2005), for the proposition that class definitions must be definite enough to ascertain class members.

In response, Plaintiff maintains that the class allegations sufficiently specify type of employee (inside sales person), the way employees are paid, the geographic locations, and the time frame for the class periods, especially given the fact that the case is in its initial stage. Plaintiff further contends the class definitions are distinguishable from *Oshana* where the proposed class definition might be said to encompass "millions of potential members without any identifiable basis for standing." *Id.* at 580. In addition, Plaintiff maintains that the Motion for Class Certification is the proper time to specify all formal job titles and other particulars, to the extent Plaintiff needs to specify these details at all. Moreover, Plaintiff argues, at the very least, an opportunity should be afforded "to conduct discovery to determine the various formal job titles before narrowing their class definition in such a way that might risk excluding certain inside sales employees. Furthermore, Plaintiff has alleged an across the board policy and practice of misclassifying inside sales employees as exempt." (Doc. #27 at 10:17-21.)

The Court agrees with Plaintiff that the class allegations are sufficient at this stage of the proceedings. Defendants failed to demonstrate that Plaintiff's class definitions, at this point, are unworthy of consideration and unduly prejudicial requiring adjudication on the merits to determine class membership.

/ / /

/ / /

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Request for Judicial Notice (Doc. #22), **DENIES** Defendants' Motion to Strike or Dismiss Plaintiff's UCL claim, and **DENIES** Defendants' Motion to Strike or Dismiss Plaintiff's class allegations (Doc. #21).

**IT IS SO ORDERED.**

Dated: 3/28/2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE